IN ADMIRALTY

KAROLE A. STATHAKIS,

      Plaintiff,

v.                         Case No. 8:08-cv-1713-T-33TBM

STERLENE DRUMMOND, et al.,

      Defendants.
_____/

## **ORDER**

This matter comes before the Court upon review of the record. Pro se Plaintiff initiated this action on September 2, 2008. (Doc. # 1). Although this case has been pending for over seven months, Plaintiff has failed to perfect service of process on Defendants.

On January 8, 2009, this Court held a hearing to address the status of the case, and particularly to advise Plaintiff of the requirement that she serve Defendants with process. (Doc. # 25). After the hearing, this Court entered an order reiterating that "Plaintiff was advised by the undersigned that there is no record of her having made proper service of process on any of the Defendants, and that, until she did so, the court had no authority to act as against any of the Defendants." (Doc. # 26 at 1). The Court further explained, "Plaintiff was advised of the provisions in Fed. R. Civ. P. 4

and cautioned that her failure to timely serve the Defendants with process would subject her case to dismissal for failure to prosecute." (<u>Id.</u>).

Thereafter, on January 15, 2009, this Court entered an order instructing Plaintiff on how to serve Defendants with process. (Doc. # 29).

The record reflects that, as of the date of this order, Plaintiff has failed to serve Defendants with process, despite this Court's frequent and detailed warnings.

Rule 4(m) of the Federal Rules of Civil Procedure provides, "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Eleventh Circuit has further commented that, "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." <u>Pardazi v. Cullman Med. Ctr.</u>, 896 F.2d 1313, 1317 (11th Cir. 1990).

Pro se Plaintiff was warned that failure to serve Defendants would lead to the dismissal of her case, and this Court has given her more than ample time to perfect service of process. "Once a <u>pro</u> <u>se</u> . . . litigant is in court, [s]he is

subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. . . . If a pro se litigant ignores a discovery order, [s]he is and should be subject to sanctions like any other litigant." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

After due consideration, this Court finds that Plaintiff's case is due to be dismissed for failure to perfect service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is dismissed without prejudice due to Plaintiff's failure to timely perfect service of process on Defendants.

(2) The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of March 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties Record